The opinion of the court was delivered by
Bbrmüdez, C. J.
The object of this suit is the expropriation of certain land of the defendants for the roadway of the company.
*750 The defence is a denial of the right of expropriation of the ownership and the admission of such right to the extent of a servitude only.
By reconventional demand the defendants claim the value of the land, some special damages, and general, actual and prospective damages.
The controversy was developed, argued and submitted to two juries, who failed to agree.
In order to end it the parties consented to have it determined by the court.
The District Judge allowed to the owner of the Hollingsworth place $1000 as the value of the land (some ten acres), $375 for a lost crop and the removal of a fence, and $3750 general damages; and to the owners of the Williams place $500 for the value of the land (some five acres), and $1000 general damages, with interest on all amounts allowed to the defendants from the filing of their answer, considered as the date of the judicial demand.
The plaintiffs appeal, contending that all the amounts should be reduced by 50 per cent. The defendants on the other hand, while contending that the same ought to have been much larger, enter an appearance of resignation should the judgment be affirmed.
Some twenty witnesses in chief aud in rebuttal have been heard, and documentary evidence has been adduced.
The lands are at a short distance from the city of Shreveport, prospering and to prosper.
■ They front on the Red river, draining from it to the rear. They are sandy, high and dry. The center, or about, is the portion judiciously selected for the building of the road.
The principal improvements have been put up on the transition soil. The road apparently divides the lands into halves.
I.
The right of the company to expropriate is recognized by law and jurisprudence, and can not form the subject of serious contention.
From the days of Rome, when land owners could prevent the construction of aqueducts to supply the city with water and otherwise resist the divestiture of their property, to our times, the right and power of expropriation has undergone such radical changes, required by public exigencies, for the greater good of the people, *751 that the owner may be dispossessed of the ownership; but with the condition of equitable indemnity previously made, not only for the value of the property, but also, when the contingency arises, for the damage which may consequently be sustained by him. Const., Art 156; 11 L. 190; 22 An. 26; 35 An. 947, 1045; 38 An. 164; R. C. C. 497; Cooley’s Const. Lim., p. 670, el seq.; No. 537, el seq.
In such cases the owner is assimilated to a debtor to society, -in certain emergencies, as in ordinary matters a debtor is to his creditor, the use of his property, in the one case, for public utility, being subjected in satisfaction of it, as in the other it is made liable to the payment of an individual claim by the arm of the law.
II.
The value of the land is established by a number of intelligent, disinterested, experienced, unbiased and reliable witnesses whose testimony is not counterbalanced. It is fixed by them at $100 per acre.
The ten acres from the Hollingsworth place are shown to yield an annual rental of $100 at least, which, however, reduced by the payment of taxes and repairs, would not be realized by usual interest, on the allowed amount were it loaned out.
Much is said to like effect of the five acres from the Williams place to show its value; both lying in the vicinity of a rapidly growing city.
III.
The proof in the record touching the quantum of damages sustained is contradictory and as usual unsatisfactory. Some witnesses say that the lands will in no way be damaged, while others are positive that the injury extends to $10,000 as to the Hollingsworth place, and that it is quite considerable as to the Williams place.
The two plantations are represented as planned, disposed, drained symmetrically, so as to promote profitable management, and as being in high state of improvement and cultivation.
The great damages complained of are that they are cut into two parts, and that communication from the one to the other by laborers, vehicles, etc., is obstructed; that the owners are deprived of the free use and enjoyment of their property and also of the increase in value of the same, owing to its vicinity to a prosperous city.
The District Judge has valued the damages to the Hollingsworth place at $3750 and those to the Williams place at $1000, without, however, undertaking to claim for such adjustment absolute accuracy.
*752 When the testimony of credible witnesses is considered, coupled with the claim of the plaintiffs for a reduction of all allowances to 7ial/and the satisfaction of the defendants who ask no increase, we incline to the belief that, while the evaluation put to the expropriated land and the special damages may remain untouched, the adjustment of the general damages may be justly interferred with by reducing them, so as to give $2800 to the owners of the Hollingsworth place and $750 to those of the Williams place.
It is difficult to conceive how, notwithstanding the speculative testimony adduced, more damage can be sustained by the divested owners.
IV.
Considering the fact that the company had taken previous possession without anterior indemnity, we think that interest is allowable on the value of the lands from judicial demand, which is the date of the claim in reconvention, namely, the 11th July, 1888, but we do not consider that interest should run on the amount of damages, unless from the date of the final liquidation thereof by the judgment of this court, which is the only time when the plaintiffs know the precise extent of their-liability for the same, after which they can be delinquent.
It is, therefore, ordered and decreed that the judgment appealed from be amended so as to allow to the owners of the Hollingsworth place $2800, and to the owners cf the Williams place $750, to be divided according to their respective rights, with interest on the value of the lands from July 11,1888, and on the general damages from the finality of the present judgment, appellees to pay costs of appeal and appellants those of the lower court.